# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>AMANDA DIMUZIO, FAITH DIMUZIO, A.G.D, a minor and J.A.D, a minor,<br><br>      Defendants. | Case No. 2:19-cv-2879 |

## THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S COMPLAINT IN INTERPLEADER

Plaintiff The Prudential Insurance Company of America ("Prudential"), by and through its undersigned attorneys, for its Complaint in Interpleader, alleges as follows:

### PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey, and is authorized to do business in the State of New York.

2. Upon information and belief, Defendant Amanda Dimuzio is an adult citizen of New York and is domiciled in Suffolk County, New York.

3. Upon information and belief, Defendant Faith Dimuzio is an adult citizen of New York and is domiciled in Nassau County, New York.

4. Upon information and belief, Defendant A.G.D. is a minor citizen of New York and is domiciled in Nassau County, New York.

5. Upon information and belief, Defendant J.A.D. is minor citizen of New York and is domiciled in Nassau County, New York.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under Title 28 U. S. C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Prudential is a New Jersey citizen for diversity purposes and the Defendants are citizens of New York.

2. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

3. By Application for Conversion of Group Life Insurance dated August 20, 2018, John A. Dimuzio (the "Insured") applied to convert group coverage provided by his employer Pfizer, Inc. to an individual term policy, naming as A.G.D., daughter, as primary beneficiary to 12% of the policy proceeds, J.A.D., son, as primary beneficiary to 12% of the policy proceeds, and Amanda Dimuzio, wife, as primary beneficiary to 76% of the policy proceeds. *The Application for Conversion of Group Life Insurance dated August 20, 2018 is attached here to* ***Exhibit A****.*

4. On or about August 24, 2018, Prudential issued Prudential Guaranteed Life Insurance Policy No. 019535 (the "Policy") to the Insured as owner, which provided coverage on the life of the Insured. *A copy of the Policy is attached hereto as* ***Exhibit B****.*

5. By letter dated October 18, 2018, Faith Dimuzio, former wife of the Insured, informed Prudential that pursuant to the terms of a Judgment of Divorce entered June 3, 2015 and a Separation Agreement dated November 28, 2012 the Insured was required to maintain at least $900,000.00 in life insurance on his life with A.G.D. and J.A.D., children of Faith Dimuzio

2

and the Insured, designated as irrevocable beneficiaries and with Faith Dimuzio as trustee for the benefit of the children. *A copy of the Letter dated October 18, 2018, the Judgment of Divorce dated June 3, 2015 and the relevant excerpts of the Separation Agreement dated November 28, 2012 are attached hereto as* **Exhibit C.**

6. By letter dated November 29, 2018, counsel for Faith Dimuzio informed Prudential that Faith Dimuzio had moved by order to show cause issued on November 27, 2018 from the Matrimonial Part of the New York Supreme Court, County of Nassau, directing the Insured, among other things, to show cause on December 14, 2018 why he should not be held in contempt of a Judgment of Divorce entered June 1, 2015 and by incorporation a Separation Agreement dated October 3, 2014, whereby Plaintiff is required to maintain life insurance on behalf of the infant issue of the parties in the sum of at least $900,000.00 as irrevocable beneficiaries and with Faith Dimuzio as trustee. *A copy of the letter dated November 29, 2018 and the Order to Show Cause dated November 27, 2018 is attached hereto as* **Exhibit D.**

7. Upon information and belief, the Insured died on December 12, 2018 of Glioblastoma. *A copy of the Insured's Certification of Death is attached hereto as* **Exhibit E**.

8. As a result of the death of the Insured, Policy death benefits in the amount of $1,038,000.00 became due to a beneficiary or beneficiaries (the "Death Benefit") and Prudential concedes liability to that effect.

9. By Decision and Order dated December 18, 2018, Faith Dimuzio's motion by order to show cause for an Order directing the Insured to comply with the terms of a Separation Agreement dated October 3, 2014 by naming the parties' two children as irrevocable beneficiaries of a life insurance policy with a face value of at least $900,000.00 was dismissed in

3

its entirety due to the death of the Insured. *A copy of the Decision and Order dated December 18, 2018 is attached hereto as **Exhibit F***.

10. The Policy's beneficiaries of record and the percentages of the Death Benefit allocated to them at the time of the Insured's death are those designated in the Application for Conversion of Group Life Insurance dated August 20, 2018. *See Exh. B*.

11. By virtue of the terms of a Separation Agreement dated November 28, 2012, provided to Prudential, or a Separation Agreement dated October 3, 2014, referenced in Faith Dimuzio's order to show cause but not provided to Prudential, A.G.D. and J.A.D. may have a joint claim to $900,000.00 out of the Death Benefit, with Faith Dimuzio as trustee.

12. There have been no other claims for the Death Benefit. Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading defendants, Prudential is or may be exposed to multiple liability.

13. Prudential is ready, willing, and able to pay the Death Benefit, plus applicable claim interest, if any, in accordance with the terms of the Policy to whomever this Court shall designate.

14. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom the Death Benefit should be paid.

15. Prudential accordingly will deposit into the Court the Death Benefit, plus claim interest, if any, for disbursement in accordance with the judgment of this Court.

16. Prudential has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Prudential and any of the Defendants.

Prudential brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

    **WHEREFORE**, Prudential prays that the Court enter judgment:

(a)    Appointing a *Guardian ad Litem* for A.G.D. and J.A.D.;

(b)    requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit or otherwise in connection with the Policy and/or Death Benefit;

(c)    enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefit and/or the Policy;

(d)    requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(e)    permitting Prudential to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(f)    discharging Prudential from any and all further liability to Defendants relating in any way to the Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(g)    dismissing Prudential from the action, with prejudice;

(h)    awarding Prudential its attorneys' fees and costs in their entirety; and

(i)    awarding Prudential any other and further relief that this Court deems just and proper.

Dated:  May 15, 2019

    Respectfully submitted,

    <u>Deirdre A. Connolly</u>
    Deirdre A. Connolly, Esq.
    **D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
    40 Fulton Street | Suite 1005
    New York, New York 10038
    (212) 971-3175
    dconnolly@darcambal.com
    *Counsel for Plaintiff The Prudential Insurance Company of America*